UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ANA MERCEDES MCENERY,

                              Plaintiff,

  - against -

COMMISSIONER OF SOCIAL
SECURITY,

                             Defendant.
-------------------------------------------------------------x

**OPINION & ORDER**

No. 21-CV-7827 (CS)

Appearances:

Kenneth R. Hiller
Law Offices of Kenneth Hiller PLLC
Amherst, New York
*Counsel for Plaintiff*

Leslie A. Ramirez-Fisher
Assistant United States Attorney
New York, New York
*Counsel for Defendant*

Seibel, J.

    Before the Court is Plaintiff's motion pursuant to 42 U.S.C. § 406(b) seeking attorney's fees in the amount of $24,302.68. (ECF No. 33.) For the following reasons, Plaintiff's motion is GRANTED.

**I.    BACKGROUND**

    On July 23, 2020, Plaintiff Ana Mercedes Mcenery applied for disability insurance benefits alleging that she was disabled as of December 30, 2015. (ECF No. 33-2 ("Hiller Decl.") ¶ 7.) The Social Security Administration ("SSA") denied her application, and Plaintiff requested a hearing before an administrative law judge ("ALJ"). (*Id.*) On March 18, 2021, an ALJ denied

Plaintiff's disability claim. (*Id.*) Plaintiff appealed to the SSA Appeals Council, which denied the appeal on August 23, 2021. (*Id.*)

On September 8, 2021, Plaintiff retained Kenneth Hiller and Justin Goldstein of the Law Offices of Kenneth R. Hiller PLLC to litigate her claim in federal court and signed a fee agreement providing that the contingency fee would be "1/4 (25 percent) of the past due benefits resulting from [the] claim." (Ex. D.)[1] On September 21, 2021, Plaintiff filed the instant action seeking past-due Social Security benefits. (ECF No. 6.)

On December 22, 2022, Plaintiff moved for judgment on the pleadings. (ECF No. 25.) On March 16, 2023, the parties agreed that the decision of the Commissioner of Social Security should be reversed and the case remanded for further administrative proceedings, (ECF No. 28), and on March 22, 2023, the Court entered the stipulation and order of remand, (ECF No. 29). On April 24, 2023, the parties stipulated that Plaintiff be awarded $6,362.74 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF No. 32.) Hiller's office received the EAJA funds on June 12, 2023. (Hiller Decl. ¶ 15.)

On December 20, 2023, an ALJ issued a fully favorable decision granting Plaintiff's claim in its entirety. (*Id.* ¶ 10; Ex. C.) On January 15, 2024, the SSA issued a Notice of Award notifying Plaintiff that her past-due benefits totaled $145,210.72, (Hiller Decl. ¶ 11; Ex. A; ECF No. 33-1 ("P's Mem.") at 2), and that the SSA had withheld $36,302.68 (or 25% of the total benefits) to pay Plaintiff's attorney's fees, (Ex. A at 3). The Notice of Award was sent to Matthew Nutting, the attorney who presented Plaintiff at the administrative level, but was not sent to Hiller's firm. (Hiller Decl. ¶ 11.) On or about March 27, 2024, Hiller's firm received a

---

[1] At ECF Nos. 33-3 to 33-8, Plaintiff attaches six exhibits labeled on the Court's Electronic Filing System ("(ECF)") as Exhibits A-F. When citing the exhibits, I refer to them as labeled by Plaintiff.

letter from the SSA dated March 23, 2024, stating that the SSA had paid $11,154.67 to Nutting and was continuing to withhold the remaining $25,148.01 but had not received a court order for Hiller's fee award.  (*Id.* ¶ 12.)  Shortly after, Hiller requested and received a copy of the Notice of Award from Nutting's firm.  (*Id.* ¶ 13.)  On April 9, 2024, Hiller filed the instant motion requesting an order awarding $24,302.68 in attorney's fees, with a direction that, upon receiving those fees, counsel must refund to Plaintiff the EAJA fee award of $6,362.74.  (ECF No. 33.)  The Commissioner responded on May 1, 2024, indicating that it "neither supports nor opposes counsel's request for attorney's fees under 42 U.S.C. § 406(b)," but asking that if the Court awards such fees, "the Court order indicate the amount of any section 406(b) award it authorizes but decline to include language directing that the Commissioner 'pay' the award."  (ECF No. 36 ("Comm'r Resp.") at 1-2.)

## II. DISCUSSION

The Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).  A contingent-fee agreement is the "primary means by which fees are set for successfully representing Social Security benefits claimants in court."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).[2]  "[B]ecause a successful social security claimant evaluates and pays his own attorney, a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case – not an hourly rate determined under lodestar calculations."  *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022).  A court considering

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

a motion for attorney's fees pursuant to § 406(b) first determines whether the motion was timely, and then reviews the reasonableness of the request. *Rosario v. O'Malley*, 21-CV-3193, 2024 WL 3498410, at *2 (S.D.N.Y. July 19, 2024).

### A.     Timeliness

Federal Rule of Civil Procedure 54(d), which governs the timeliness of motions for attorney's fees under § 406(b), requires that fee applications be filed within fourteen days after "the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i); *see Sinkler v. Berryhill*, 932 F.3d 83, 86 (2d Cir. 2019). "In *Sinkler*, however, the Second Circuit held that equitable tolling extends this period to fourteen days after 'a party receives notice of a benefits calculation' for social security cases involving a judgment that reverses the denial of benefits and remands to the SSA." *Rosario*, 2024 WL 3498410, at *2 (quoting *Sinkler*, 932 F.3d at 89.) "Thus, where, as here, a Social Security claimant secures a judgment reversing a denial of benefits and remanding for further proceedings, the fourteen-day filing period is tolled until the claimant receives notice of the amount of any benefits award because the benefits award amount is necessary to identify the maximum attorney's fee that may be awarded under § 406(b)." *Laden v. Comm'r of Soc. Sec.*, No. 17-CV-10050, 2022 WL 17828488, at *2 (S.D.N.Y. Nov. 3, 2022), *report and recommendation adopted*, No. 17-CV- 10050, 2022 WL 17414356 (S.D.N.Y. Dec. 5, 2022).

"It is unclear," however, "whether the court in *Sinkler* intended for the 14-day tolling period to commence when the *party* to the action receives notice of the damage award or when the *party's counsel* receives notice." *Id.* (emphasis in original); *compare Sinkler*, 932 F.3d at 85 ("[T]he fourteen-day filing period is tolled until the claimant receives notice of the amount of any benefits award.") *with id.* at 88 ("Once counsel receives notice of the benefits award . . . there is no sound reason not to apply Rule 54[(d)](2)(B)'s fourteen-day limitations period."); *see*

4

*Diberardino v. Comm'r of Soc. Sec.*, 17-CV-2868, 2020 WL 6746828, at *2 (E.D.N.Y. Nov. 17, 2020) ("When summarizing its holding [in *Sinkler*], the Second Circuit stated that the tolling period ends, and the filing period starts to run, when the claimant receives notice of the benefits award. But when discussing its actual reasoning, the Second Circuit indicated that the relevant date is when counsel receives notice of the benefits award.").

Here, the Notice of Award is dated January 15, 2024. (Ex. A.) Hiller did not file the motion for attorney's fees until April 9, 2024, (ECF No. 33), which is 82 days after Plaintiff presumably received the Notice of Award on January 18, 2024. *See* Fed. R. Civ. P. 6(d) (notice presumed to have been received three days after mailing). But as Hiller has explained, the SSA did not mail the Notice of Award to him, and he did not receive notice of the amount of Plaintiff's benefits award until he received the SSA's letter dated March 23, 2024. (Hiller Decl. ¶¶ 11-12; *see* Ex. B.) Thus, he argues that the SSA's letter, not the Notice of Award, should trigger the fourteen-day period in this case. (P's Mem. at 3.)

"The Court need not – and does not – decide the correct interpretation of *Sinkler* to resolve this matter." *Laden*, 2022 WL 17828488, at *3. In *Sinkler*, the Second Circuit held that Rule 54(d)(2)(B) applies to § 406 motions but was "mindful that its fourteen-day limitations period is not absolute." 932 F.3d at 89. Rule 54 "expressly states that the specified period applies 'unless a statute or a court order provides otherwise.'" *Id*. (quoting Fed. R. Civ. P. 54(d)(2)(B)). "Thus, district courts are empowered to enlarge that filing period where circumstances warrant." *Id.*

The circumstances here warrant enlarging the filing period. Hiller did not receive Plaintiff's Notice of Award from the SSA because the SSA sent it to Nutting, the attorney who represented Plaintiff before the SSA on remand. (*See* Hiller Decl. ¶ 11.) Hiller could not have

5

filed a motion for attorney's fees until he received notice of Plaintiff's award because he needed to know Plaintiff's past-due benefits to calculate his maximum allowable fee.  Once Hiller received the SSA's March 23, 2024 letter, he obtained the Notice of Award from Nutting and filed this motion within fourteen days of when he presumably received the SSA's letter on March 26, 2024.  *See* Fed. R. Civ. P. 6(d).  Other courts have enlarged the filing period in similar circumstances.  *See, e.g.*, *Laden*, 2022 WL 17828488, at *3 (§ 406(b) motion timely where counsel filed the motion within six days of receiving notice of award over forty days after plaintiff); *Phillip v. Comm'r of Soc. Sec.*, 18-CV-5005, 2021 WL 681289, at *2 (S.D.N.Y. Feb. 22, 2021) (§ 406(b) motion timely where counsel filed the motion two days after receiving the notice of change in benefits over sixty days after plaintiff); *Diberardino*, 2020 WL 6746828, at *2-3 (§ 406(b) motion timely where counsel filed the motion one day after receiving notice of award over forty days after plaintiff).  Moreover, the Commissioner does not contest the timeliness of Plaintiff's motion.  (*See* ECF No. 36.)  Thus, the Court deems Plaintiff's motion timely.

      **B.**      <u>**Reasonableness**</u>

A court may award a "reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled."  42 U.S.C. § 406(b)(1)(A).  "[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable."  *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).  Thus, "§ 406(b) does not displace contingent-fee agreements," but "calls for court review of such

arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.

To determine reasonableness, "courts must first determine whether the contingency percentage is within the 25% cap and whether there has been fraud or overreaching in making the agreement." *Fabiani v. Kijakazi*, No. 21-CV-5453, 2023 WL 8582274, at *2 (S.D.N.Y. Nov. 21, 2023), *report and recommendation adopted sub nom. Fabiani v. Saul*, No. 21-CV-5453, 2023 WL 8566545 (S.D.N.Y. Dec. 11, 2023). A court must then consider

> 1) whether the requested fee is out of line with the character of the representation and the results the representation achieved; 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether the benefits awarded are large in comparison to the amount of time counsel spent on the case, the so-called 'windfall' factor.

*Id.*

The fee here is reasonable. First, Plaintiff's counsel seeks a contingency fee of $24,302.68, which is approximately 17 percent of Plaintiff's $145,210.72 past-due benefits award. Thus, Plaintiff's request is within the 25-percent cap, and there is no evidence of fraud or overreaching in making the agreement. Additionally, the fee is not out of line with the character and results of the representation. Plaintiff's counsel reviewed a 508-page transcript of the administrative record, (ECF No. 23; *see* Ex. E at 1), drafted a detailed 25-page memorandum of law, (*see* ECF No. 25-1), and negotiated a remand to the SSA, (ECF No. 28). *See Fields*, 24 F.4th at 854. The remand resulted in Plaintiff ultimately being awarded benefits, and nothing in the record indicates that Plaintiff's counsel unreasonably caused delay.

Moreover, the requested fee of $24,302.68 is not inappropriately large in light of the successful result and the 27.2 hours counsel devoted to the case. (Ex. E at 2.) While the hourly rate counsel seeks ($893.48) is more than twice Goldstein's non-contingency rate ($400), (Hiller

7

Decl. ¶ 19), it is well within the range that courts in this Circuit have approved, *see Laden*, 2022 WL 17828488, at *5 (S.D.N.Y. Nov. 3, 2022) (collecting cases approving of hourly rates ranging from $1,079.72-$1,574.78), and not inappropriate in light of the risk counsel undertakes in representing a client who has already lost at multiple levels of administrative review, *see Arteaga v. Comm'r of Soc. Sec.*, No. 17-CV-5256, 2021 WL 5304053, at *1 (E.D.N.Y. Nov. 15, 2021); *Goins o/b/o J.D.G. v. Berryhill*, No. 16-CV-6398, 2019 WL 311620, at *3 (W.D.N.Y. Jan. 24, 2019).

To further determine whether the award would be a windfall "courts must consider more than the *de facto* hourly rate" because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Fields*, 24 F.4th at 854. In determining whether the requested fee would be a "windfall," courts consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do;" (2) "the nature and length of the professional relationship with the claimant – including any representation at the agency level;" (3) "the satisfaction of the disabled claimant;" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854-55.

Goldstein, who litigated Plaintiff's case before this Court, (Ex. E), has extensive Social Security case experience, having appeared as lead counsel in over 300 district court cases and having handled hundreds of Social Security hearings at the administrative level, (Hiller Decl. ¶ 5). Goldstein was efficient, spending a total of 27.2 hours on this case, during which he reviewed the 508-page administrative record and drafted a 25-page memorandum of law in support of the plaintiff's claim, accomplishing in those hours what other lawyers might

reasonably have taken more time to do. *See Fields*, 24 F.4th at 854; *Hennelly v. Kijakazi*, 20-CV-4786, 2023 WL 3816961, at *2 (S.D.N.Y. June 5, 2023).  While Plaintiff's counsel did not handle the administrative proceedings before the Social Security Administration, counsel was instrumental in securing a favorable result on appeal, and there is no indication that Plaintiff was dissatisfied with counsel's representation.  Moreover, absent counsel, Plaintiff's benefits award would have been uncertain, given that her application was initially denied by the ALJ and the Appeals Council.  (Hiller Decl. ¶ 7.)  Accordingly, the requested award would not be a windfall.

### C.     The EAJA Award

"[W]here a plaintiff's counsel received fees for the same work before a district court under the EAJA and § 406(b), counsel must refund to the plaintiff the amount of the smaller fee."  *Fabiani*, 2023 WL 8582274, at *3; *Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner:  Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.").  Therefore, Plaintiff's counsel has appropriately agreed to refund to Plaintiff the EAJA fee he received, upon receipt of the fee award he requests here.

### D.     Language of the Order

The Commissioner requests that if the Court awards § 406(b) fees, the Court's order not include "language directing that the Commissioner 'pay' the award." (Comm'r Resp. at 2.)  In the alternative, the Commissioner requests that the Court "specifically indicate that any amount it authorizes . . . is to be paid out of Plaintiff's past due benefits in accordance with agency policy." (*Id.*)  The Commissioner submits that if the pool of withheld benefits in the Commissioner's possession at the time of the § 406(b) award is insufficient to satisfy the fees determined

9

reasonable by the court, the attorney must recover the difference from the claimant. (*Id.*) Here, the SSA has withheld a remaining balance of $25,148.01 from Plaintiff's past-due benefits, after paying fees to counsel who represented Plaintiff before the agency. (Ex. B.) Plaintiff seeks $24,302.68, which is less than the amount the SSA has withheld. Nor does the record contain any reason to believe that the pool available for payment of counsel's fee is so depleted that there is any real risk of non-payment. On the other hand, the Commissioner is technically correct that Plaintiff and her counsel have no right of action against the SSA if the proper fees are not paid by the SSA, *see Binder & Binder, P.C. v. Colvin*, 818 F.3d 66, 71 (2d Cir. 2016), and that "[i]f the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past-due benefits, to recover the difference," *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933 (10th Cir. 2008). While the issue may involve "a distinction without a difference," *Mehlrose v. Comm'r of Soc. Sec.*, No. 22-CV-3406, 2024 WL 698729, at *5 (E.D.N.Y. Feb. 15, 2024), *report and recommendation adopted*, 2024 WL 990122 (E.D.N.Y. Mar. 7, 2024), I see no harm in specifying that the fee be paid out of Plaintiff's past-due benefits.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees is GRANTED, and Plaintiff's counsel is awarded $24,302.68, to be paid out of Plaintiff's past-due benefits. Upon receipt of the award, Plaintiff's counsel is directed to promptly refund to Plaintiff $6,362.74,

10

which represents the EAJA fee that counsel previously received.  The Clerk of Court is respectfully directed to terminate the pending motion, (ECF No. 33).

**SO ORDERED.**

Dated: November 18, 2024
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.